# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2228

_____

United States of America,     *
                           *
         Appellee,     *
                           *    Appeal from the United States
       v.                    *    District Court for the
                           *    Western District of Missouri.
Adam S. Battiest,         *
                            *
         Appellant.     *

_____

Submitted: October 14, 2008
Filed: January 26, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Adam Battiest pleaded guilty to attempting to distribute child pornography, in violation of 18 U.S.C. § 2252(a)(2); receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). The district court[1] sentenced Battiest to 188 months' imprisonment. Battiest appeals, arguing the sentence is unreasonable. We affirm.

_____

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

## I.

On August 26, 2005, a Kansas City, Missouri, detective learned that an individual with the Internet screen name "itsnu2" was operating an Internet website containing child pornography. The detective identified "itsnu2" as Battiest. On August 29, 2005, the detective went online and, posing as a 14-year-old female, contacted Battiest. Using the screen name "katlyn_14dancn," the detective then had a conversation with Battiest in which Battiest admitted operating the website containing child pornography.

On September 1, 2005, police executed a search warrant at Battiest's home. Police recovered a small amount of marijuana; three pictures of Battiest's 17-year-old female neighbor hanging on the wall next to Battiest's bed; two pictures of Battiest's 5-year-old female cousin bathing, which Battiest had stolen from a family member; two pairs of children's underwear, which Battiest had stolen from a laundromat; a computer with 200 child pornography images and 20 to 30 child pornography videos; software containing child pornography; and printed images of child pornography depicting young females, approximately 7 to 12 years old, engaged in sexually explicit conduct. One photo in particular contained an image of a young female bound with rope around her neck and her hands tied behind her back. Officers searched Battiest's vehicle and discovered a rope and four pairs of handcuffs.

Following the search, officers interviewed Battiest. Battiest admitted knowing there was child pornography in his home and on his computer, and he confessed to being addicted to pornography. He also confessed to creating and operating the website containing child pornography. He stated he had been collecting child pornography "for the past couple of years." He also admitted to engaging in sexual conversations with minors on the Internet.

On September 2, 2005, police released Battiest pending further investigation. That same day, Battiest logged onto a computer and, still unaware of the undercover detective, contacted "katlyn_14dancn." Battiest told the detective he had been arrested but that he still wanted to meet. Battiest provided the detective with his address and directions to his home.

After filing a criminal complaint on September 2, 2005, police arrested Battiest. On September 28, 2005, a federal grand jury indicted Battiest for (1) knowingly attempting to distribute child pornography, (2) knowingly receiving child pornography, (3) knowingly possessing child pornography, and (4) criminal forfeiture. On February 2, 2006, Battiest pleaded guilty to all counts.

In February 2006, while awaiting sentencing, Battiest wrote a letter to his 17-year-old female neighbor. He stated, "I am not going to deny my fetish for younger girls, but the pictures on my computer were for other reasons than my sexual desire." Battiest also wrote that he was molested as a child and feared police would find pornographic images of him being molested. On June 30, 2006, Battiest wrote a second letter to an acquaintance. In that letter Battiest stated his conduct "was no big deal." He also wrote that if he received a 17-year sentence, "I might want to kill me some people." Regarding the latter statement, he wrote "I got a list but I'll let it be a surprise."

Prior to sentencing, the U.S. Probation Office for the Western District of Missouri prepared a Presentence Investigation Report ("PSR"). The PSR recommended the district court consider Battiest an offense-level 34, criminal-history-category IV offender, yielding an advisory Guidelines range of 210 to 262 months' imprisonment. Battiest filed objections to the PSR's Guidelines calculation and argued for a downward departure based on his history of being sexually abused. Prior to sentencing, Battiest also submitted letters supporting his claims that he had been sexually abused as a child and had a history of mental illness and substance abuse.

These claims were also documented in the PSR and the sentencing memoranda the parties submitted.

At sentencing, the district court sustained Battiest's objection to his criminal-history calculation. Battiest withdrew his other objections to the PSR's Guidelines recommendation. The district court then concluded Battiest's Guidelines range was 188 to 235 months, based on a finding that Battiest was an offense-level 34, criminal-history-category III offender. Battiest orally argued for a sentence significantly lower than the Guidelines range, claiming the range was unduly harsh. He claimed a sentence of approximately ten years "would be more than sufficient under the 3553 factors" and "a sentence significantly below the range is still sufficient, but not greater than necessary." The district court sentenced Battiest to 188 months' imprisonment and supervised release for life. Battiest filed a timely notice of appeal.

## II.

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, --- U.S. ----, 128 S. Ct. 586, 594 (2007). We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Id.* at 591.

Applying *Gall*, we "'first ensure that the district court committed no significant procedural error'" at sentencing. *United States v. Shy*, 538 F.3d 933, 937 (8th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 597). "If the decision was 'procedurally sound,' we then review the 'substantive reasonableness of the sentence' . . . considering the totality of the circumstances." *Id.* "[I]n determining whether the district court considered the relevant factors in a particular case, 'the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing.'" *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (quoting *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008)).

A. Whether There Was Significant Procedural Error

Battiest first argues the district court procedurally erred by insufficiently addressing the sentencing criteria in 18 U.S.C. § 3553, the letters and arguments Battiest submitted prior to sentencing, and the reasons why its sentence was sufficient but not greater than necessary. We disagree.

"We presume that 'district judges know the law and understand their obligation to consider all of the § 3553(a) factors.'" *Gray*, 533 F.3d at 943 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir.) (en banc), *cert. denied*, 128 S. Ct. 2491 (2008)). Thus, we have a held "'[a] mechanical recitation of the § 3553(a) factors is unnecessary . . . particularly when a judge elects simply to apply the advisory guideline range to a particular case.'" *United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir. 2008) (quoting *United States v. Todd*, 521 F.3d 891, 897 (8th Cir. 2008)). "The Supreme Court [has also] acknowledged that 'when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.'" *Gray*, 533 F.3d at 944 (quoting *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007)). Thus, "[w]here a sentencing judge imposes a sentence within the advisory guideline range, '[c]ircumstances may well make clear' that the judge believed the case was typical, and 'rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence.'" *Id.* (quoting *Rita*, 127 S. Ct. at 2468). Applying these standards, the district court did not commit a procedural error in this case.

The sentencing record demonstrates the district court had at its disposal the PSR, the objections to the PSR, the sentencing memoranda, and the letters submitted on Battiest's behalf. Those documents addressed the § 3553 factors, Battiest's life history, and the parties' recommendations for sentences that they considered sufficient but not greater than necessary. The district court also heard oral argument on these issues from the parties at sentencing. Taken together then, the district court had

significant exposure to the sentencing issues Battiest claims it failed to adequately consider.

Further, it is evident from the record that the district court examined those materials and considered both the parties' arguments. This was especially apparent given that the district court ruled on at least one of the issues in Battiest's favor. Finally, we note that not only did the district court find that a lower advisory range was appropriate, but it sentenced Battiest at the very bottom of the Guidelines range. In doing so, the district court stated it was sentencing Battiest to such a term because it had decided to sentence him to supervised release for life, indicating the district court considered Battiest's particular case and circumstances. For those reasons, the district court committed no procedural error at sentencing.

B. Whether the Sentence Is Substantively Reasonable

Regardless of procedural error, Battiest also argues his sentence is substantively unreasonable. "'[W]here, as here, the sentence imposed is within the advisory guideline range, we accord it a presumption of reasonableness.'" *Zastrow*, 534 F.3d at 856 (quoting *United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 1263 (2008)). "This presumption . . . may be rebutted by reference to the statutory sentencing factors found in 18 U.S.C. § 3553(a)." *United States v. Price*, 542 F.3d 617, 622 (8th Cir. 2008).

Citing *Kimbrough v. United States*, Battiest argues his sentence is substantively unreasonable because the Guidelines recommend unduly harsh sentences for child-pornography crimes. *Kimbrough v. United States*, 552 U.S. ----, 128 S. Ct. 558 (2007). He argues the Guidelines' recommended child-pornography sentences are based on unsound policy, lack empirical support, and are sentences "'greater than necessary' to serve the objectives of sentencing." *Id.* at 564 (quoting 18 U.S.C. §

3553(a)).  Thus, Battiest claims the district court abused its discretion by not considering this disparity when sentencing him.  We disagree.

In *Kimbrough*, the Supreme Court held it was not an abuse of discretion for a district court to vary from the Guidelines based on its policy disagreement concerning the disparity between crack and powder cocaine sentences.  *Id.* at 575–76.  We have recognized, however, that *Kimbrough* did not mandate that district courts consider the crack/powder sentencing disparity and do not "act[] unreasonably, abuse[] [their] discretion, or otherwise commit[] error" if they do not.  *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008).  Here, then, even if there were merit to Battiest's argument that child pornography sentences are unduly harsh, an issue which we need not address, we still would not hold the district court abused its discretion by rejecting Battiest's claim.  Because Battiest presents no other arguments to rebut the presumption of reasonableness and "the district court considered [Battiest's] arguments and found them unpersuasive," *United States v. Phelps*, 536 F.3d 862, 869 (8th Cir. 2008), we hold his sentence is substantively reasonable.

III.

Based on the foregoing, we affirm the judgment of the district court.

_____