# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2287
No. 10-2288
No. 10-2289

_____

United States of America,       *
                                      *
       Appellee,            *
                                      * Appeals from the United States
      v.                    * District Court for the
                                      * Eastern District of Missouri.
George R. Chesnut,          *
                                      * [UNPUBLISHED]
       Appellant.         *

_____

Submitted: May 9, 2011
Filed: June 20, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

George Chesnut appeals from his concurrent seventy-month sentences for committing five bank robberies, arguing that the district court[1] failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), failed to adequately explain the sentence, and based the sentence on improper factors. We affirm.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Between October 2008 and March 2009, Chesnut committed five bank robberies in three states. To complete the robberies, he entered the bank, approached a window, and demanded money from the teller. In four of the robberies, Chesnut pulled back his shirt or jacket to expose the handle of a pistol, revealing to the teller that he was armed. (It was later discovered that Chesnut was carrying a toy pistol.) All told, Chesnut stole $43,032.

Chesnut pleaded guilty to five counts of bank robbery by force, violence, and intimidation, in violation of 18 U.S.C. § 2113. Pursuant to the 2009 U.S. Sentencing Guidelines Manual (guidelines), Chesnut's advisory sentencing range was seventy to eighty-seven months' imprisonment.

The presentence investigation report (PSR) set forth Chesnut's personal history, including that Chesnut had served in the U.S. Marine Corps, that his first wife had died tragically, and that health problems rendered him unable to work. Before the bank robberies, Chesnut had lived a law-abiding life and had no criminal history. At sentencing, Chesnut requested a sixty-month sentence. His counsel emphasized Chesnut's military service and his lack of criminal record, explaining that financial troubles had led Chesnut to commit the robberies.

After hearing arguments, the district court considered the dangerousness of the robberies and acknowledged Chesnut's remorse and the financial and emotional pressures he was facing when he committed the crimes. The district judge related the story of his father, who had only a first-grade education, but who went on to provide for his family by any lawful means available to him. Thereafter, the district court addressed Chesnut's arguments for a downward variance, acknowledged the Sentencing Reform Act of 1984 and the provisions of 18 U.S.C. § 3553(a), and imposed concurrent seventy-month terms of imprisonment.

We review the reasonableness of a defendant's sentence under a "deferential abuse-of-discretion standard," ensuring that the district court committed no significant procedural error and that the sentence is substantively reasonable. Gall v. United States, 552 U.S. 38, 41, 51 (2007). Procedural error includes failing to consider the sentencing factors set forth in § 3553(a) and failing to adequately explain the chosen sentence. Id. at 51. Chesnut argues that the district court failed to set forth its reasons for the sentence, failed to consider his relevant history and characteristics, and based the sentence on an improper factor.

The district court committed no procedural error in sentencing Chesnut. The district court reviewed the PSR, which set forth the details of Chesnut's first wife's death and his military service. See United States v. Battiest, 553 F.3d 1132, 1135 (8th Cir. 2009) ("[T]he context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing." (quotation and citation omitted)). Moreover, the court considered defense counsel's request that Chesnut be viewed as someone "with no criminal history who also served their country in the military. He has worked his entire life, and that sort of gets into the nature and circumstances of the offense because it was bills, financial troubles, that brought us to this point." Sentencing Tr. at 4-5. Finding that the bank robberies were dangerous and that Chesnut had put the bank employees, the general public, and himself in harm's way, the district court concluded that a downward variance was inappropriate:

> And that is the problem, . . . with a sentence below the guidelines. You know, all things considered, the provisional range in the guidelines is really, really fair in this case for your client considering the nature of the offenses, the danger imposed, and the impact on society. In my view, this is one of those circumstances where, in fact, the guidelines have in their advisory capacity, not mandatorily, have worked to the great benefit of this defendant. . . . The guidelines in the oh so awesomely tough federal court has shaken out very, very fair for your client, for you Mr. Chesnut, considering the circumstances.

Id. at 14. We find no error in the district court's explanation of Chesnut's sentence or its consideration of Chesnut's personal history and characteristics. See Rita v. United States, 551 U.S. 338, 356-57 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Moreover, the district judge's mention of his father's struggle with making ends meet does not render Chesnut's sentence unsound. The comments were made in the context of trying to understand why Chesnut, a previously law-abiding man who had fallen on hard times, would choose to rob banks when the consequences of such crimes were so great. Thus, the record does not support Chesnut's contention that the district court gave significant weight to an improper factor.

Having found no procedural error, we next consider the substantive reasonableness of Chesnut's sentence. "Where, as here, the sentence imposed is within the advisory guideline range, we accord it a presumption of reasonableness." Battiest, 553 F.3d at 1136 (internal alterations, quotation, and citation omitted). Giving due deference to the district court's decision that the § 3553(a) factors, on the whole, justify Chesnut's sentence, our review of the record reveals no abuse of the district court's considerable sentencing discretion and no basis for concluding that the sentence, which is at the bottom of the advisory guidelines range, is substantively unreasonable.

The sentence is affirmed.

_____