# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1082

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Luis Meza-Lopez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 16, 2015
Filed: December 21, 2015

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Jose Luis Meza-Lopez pled guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). The district court[1] sentenced Meza-Lopez to 210 months imprisonment. Meza-Lopez appeals his sentence, and we affirm.

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

## I.    BACKGROUND

A grand jury indicted Meza-Lopez on April 24, 2014, for conspiracy to distribute 500 grams or more of methamphetamine and conspiracy to launder money over an eight-month period in 2013. Meza-Lopez, an illegal alien, loaded methamphetamine into cars, often at his home in Phoenix, Arizona, along with two couriers, originally Yara Martinez and eventually Josue Zamora. The courier then drove the car to Lincoln, Nebraska, and turned the car over to Ramon Garcia, who would remove the methamphetamine. Garcia would turn the car back over to the courier, or give the courier a different car, and the courier would drive back to Meza-Lopez's home in Arizona to pick up another shipment. These round trips occurred at least seventeen times between February and October 22, 2013.

On October 16, 2014, Meza-Lopez pled guilty, without a plea agreement, to both counts. Before sentencing, the U.S. Probation Office prepared a Revised Presentence Investigation Report (PSR). The PSR indicated Meza-Lopez had a total offense level of 37 and a criminal history category of I, because he had no criminal history. The corresponding United States Sentencing Guidelines (Guidelines) advisory range was 210 to 262 months imprisonment.

At the sentencing hearing, Meza-Lopez did not object to the district court's adoption of the PSR, and the district court concluded the Guidelines calculations in the PSR were correct. Meza-Lopez requested the statutory minimum sentence of 120 months. Meza-Lopez argued his likely deportation upon the completion of his sentence justified a departure from the Guidelines advisory range. Meza-Lopez also emphasized deportation was a harsh and severe punishment under Chaidez v. United States, 568 U.S. ___, ___, 133 S. Ct. 1103, 1110 (2013), and, due to his likely deportation, he would not be able to take advantage of the United States Bureau of Prisons' rehabilitation programs. Finally, Meza-Lopez pointed out that deportation

would deprive him of the support of a probation officer that a citizen would normally receive once he was released.

Citing and considering the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Meza-Lopez to two concurrent terms of 210 months in prison, the bottom of the Guidelines range. Meza-Lopez appeals.

## II. DISCUSSION

Meza-Lopez contends his sentence is substantively unreasonable under the factors set forth in § 3553(a)(1)-(6). He specifically asserts that the district court failed to take into account his immigration status in determining his sentence and gave significant weight to an improper or irrelevant factor by basing his sentence on evidence the district court heard while presiding at hearings regarding other members of the same conspiracy. Meza-Lopez argues a departure or variance from the Guidelines range to a sentence at the statutory minimum is warranted to best reflect the consequences of his immigration status.

We review sentences, whether inside or outside the Guidelines range, under a deferential abuse-of-discretion standard. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009). A district court abuses its discretion in sentencing when it (1) "'fails to consider a relevant factor that should have received significant weight'"; (2) "'gives significant weight to an improper or irrelevant factor'"; or (3) "'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009) (quoting United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005)).

The district court has a statutory obligation to craft a sentence with the sentencing considerations set forth in 18 U.S.C. § 3553(a). "'[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the

applicable Guidelines range—as substantively unreasonable.'" <u>United States v. Waller</u>, 689 F.3d 947, 961 (8th Cir. 2012) (alteration in original) (quoting <u>Feemster</u>, 572 F.3d at 464). "On review, sentences within the advisory Guidelines range . . . are presumptively reasonable." <u>United States v. Solis-Bermudez</u>, 501 F.3d 882, 884 (8th Cir. 2007). Meza-Lopez bears the burden to demonstrate his sentence is substantively unreasonable. <u>See</u> <u>United States v. Bolden</u>, 596 F.3d 976, 984 (8th Cir. 2010).

At the sentencing hearing, Meza-Lopez acknowledged the district court had reviewed and accurately stated the Guidelines calculations. Yet, Meza-Lopez proposes his sentence is substantively unreasonable because the district court failed to consider he would likely be deported and this deportable status precludes him from the use of prison rehabilitative services and the eventual services of the probation office. He also maintains a lower sentence of the statutory minimum of 120 months would adequately deter and punish him while also recognizing these additional consequences to his conviction. We previously rejected the proposition that a defendant's sentence within the Guidelines range was unwarranted because the defendant would likely be removed from the United States at the end of his sentence due to his immigration status. <u>See</u> <u>United States v. Sigala</u>, 521 F.3d 849, 851 (8th Cir. 2008). Meza-Lopez has not provided any evidence or authority establishing a defendant's inability to take advantage of rehabilitative services while incarcerated or the lack of supervised release would warrant a downward departure or variance from the Guidelines range.

The district court heard Meza-Lopez on these factors, but did not find them sufficient to depart or vary downward from Meza-Lopez's advisory Guidelines range. "'The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.'" <u>United States v. Wilcox</u>, 666 F.3d 1154, 1157 (8th Cir. 2012) (quoting <u>United States v. Anderson</u>, 618 F.3d 873, 883 (8th Cir. 2010)). While Meza-Lopez may feel that the immigration

-4-

consequences of his sentence were significant, the district court did not abuse its discretion by finding the immigration consequences insufficient to merit a downward departure or a variance from his Guidelines range. Meza-Lopez has not offered sufficient evidence to rebut the presumption that his bottom-of-the-Guidelines sentence is reasonable.

Meza-Lopez also claims the district court gave significant weight to an improper or irrelevant factor by basing his sentence on evidence learned while the district court presided at hearings regarding other members of the same conspiracy. Meza-Lopez alleges the district court factored into his sentence "the sentiment of the court that Meza-Lopez was more involved in the criminal act than the evidence presented before the court." Meza-Lopez presents no evidence the district court relied upon any outside evidence in deciding his sentence other than Meza-Lopez's belief that the district court, in mentioning its knowledge of the conspiracy, factored in this knowledge in determining his sentence. In fact, Meza-Lopez's belief does not reflect the reality of the statement made by the district court. The actual statement of the district court was:

> You were certainly one of the significant players in this conspiracy, and I am well familiar with the Ramon Garcia conspiracy, having conducted other evidentiary hearings, and I don't think it's any surprise to you. I believe you know a little bit more than you've told counsel and others.
>
> *But be that as it may*, this is a case in which copious amounts of methamphetamine were being transported to Lincoln. It occurred over a significant period of time, and the conspiracy was very systematic in its operation. Your involvement places you squarely in the heartland of the guideline calculations.

(Emphasis added).

Meza-Lopez suggests the district court's reference to Ramon Garcia and the conspiracy meant it was giving significant weight to improper or irrelevant factors. But the mention of Ramon Garcia and the conspiracy was referencing Meza-Lopez's role in at least seventeen drug trips from February to October 2013. Meza-Lopez was responsible for transporting 17.45 kilograms of methamphetamine, the same amount assessed to Ramon Garcia. Meza-Lopez was involved in loading the methamphetamine into the transport vehicles. Meza-Lopez coordinated and orchestrated all of the shipments of methamphetamine into Nebraska and the return of the sale proceeds. Meza-Lopez does not dispute the accuracy of these findings.

The district court referred directly to the language of § 3553(a)(2) when listing its reasons for imposing Meza-Lopez's sentence. Analyzing the § 3553(a) factors, the district court spotlighted the "copious amounts of methamphetamine" transported to Lincoln and Meza-Lopez's significant role in the conspiracy. These statements do not show the district court gave significant weight to improper or irrelevant evidence because the basis for these statements was already properly in evidence. These statements are appropriate factors to consider when determining a sentence.

## III. CONCLUSION

Meza-Lopez has failed to meet his burden to show his sentence was an abuse of discretion or unreasonable. We affirm.

_____