# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1495

_____

United States of America

*Plaintiff - Appellee*

v.

Galvin Henderson, also known as Cheeseburger, also known as Cheese

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 19, 2016
Filed: October 25, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Galvin Henderson appeals from the sentence of twelve months' imprisonment

that the district court[1] imposed after finding him guilty of numerous violations of his supervised release conditions. Henderson maintains that the district court gave inadequate consideration to the factors set out in 18 U.S.C. § 3553(a) and that it abused its discretion in arriving at the ultimate sentence.

Because Henderson did not object at his revocation hearing that the district court had paid insufficient attention to 28 U.S.C. § 3553(a) in sentencing him, we review his first contention for plain error. *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008). In fixing its sentence, the district court specifically noted that it had considered "the factors listed in 18 U.S.C. 3553(a)" as the law requires. We have observed in these kinds of cases that we presume that district judges know the law and understand their duty to consider all of the § 3553(a) factors, *United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009), and here we do not even have to resort to the presumption because the district court said directly that it had complied with its legal obligations. The sentence, moreover, was within the applicable guidelines range of seven to thirteen months' imprisonment, and in such circumstances little explanation of the reasons for the sentence is required because it is likely that the district court rested its decision on the Sentencing Commission's own reasoning that the guidelines sentence was proper. *Rita v. United States*, 551 U.S. 338, 356–57 (2007). There is no error here, much less plain error.

Henderson's assertion that the district court's sentence was unreasonable because it abused its discretion in fixing it is equally unavailing. It is true that the district court recommended that Henderson participate in nonresidential substance abuse and mental health treatment during his incarceration, and, as Henderson notes, the Supreme Court has held that a sentencing court may not impose or lengthen a sentence to promote a defendant's rehabilitation. *Tapia v. United States*, 564 U.S.

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

319, 321 (2011). But nothing in the present record supports an inference that the district court did that here: It simply recommended treatment while Henderson was serving the term of imprisonment it imposed. The *Tapia* court explicitly permitted a sentencing court to "urge the BOP to place an offender in a prison treatment program," which is all that happened in the present case. There was no abuse of discretion.

Affirmed.

KELLY, Circuit Judge, concurring.

"A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (citation omitted). But, "evidence that the court has considered the relevant matters and that some reason be stated for its decision" is required. Id.; see also Gall v. United States, 552 U.S. 38, 51 (2007) (procedural error includes "failing to consider the § 3553(a) factors" and "failing to adequately explain the chosen sentence"). In this case, the district court provided the following explanation for its sentencing decision: "After consideration of the factors listed in 18 U.S.C. 3553(a), it's the order of the Court that Mr. Henderson shall be committed to the custody of the Bureau of Prisons for 12 months with no supervised release to follow." Of course, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." Rita v. United States, 551 U.S. 338, 356 (2007). Here, Henderson admitted the violations, neither party presented evidence, and the hearing lasted approximately ten minutes. Yet, while the parties agreed on the applicable advisory sentencing guideline range, they requested different outcomes: Henderson asked for a modification of his term of supervised release to include a stay at a halfway house, and the government asked for a within-guideline-range sentence with no supervision to follow.

"We presume that 'district judges know the law and understand their obligation to consider all of the § 3553(a) factors,'" United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) (quoting United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008)), and we do so with good reason. However, there must be sufficient evidence of that consideration on the record for appellate review. See, e.g., Rita, 551 U.S. at 344–46 (court actively questioned defendant about the reasons for his request for downward departure before imposing sentence); United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016) (court reviewed past sentences and commented on their effectiveness prior to sentencing); United States v. Thunder, 553 F.3d 605, 608 (8th Cir. 2009) (sufficient discussion when court mentioned general § 3553(a) requirement and recited some of defendant's history and circumstances of his offense); United States v. Perkins, 526 F.3d 1107, 1110–11 (8th Cir. 2008) (explanation that "record speaks for itself" sufficient when district court imposed both defendant's original sentence and his revocation sentence). Because I believe the explanation provided in this case was insufficient, I would find that the district court made a procedural error in imposing Henderson's sentence.

Neither party asked the district court for a more detailed assessment of the statutory factors or a more thorough explanation for the sentence imposed, so we review the district court's sentence for plain error. Applying plain error review, Henderson has failed to demonstrate that this error affected his substantial rights. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). Because Henderson has made no such showing, I concur in the court's judgment.

_____