PER CURIAM.
Galvin Henderson appeals from the sentence of twelve months’ imprisonment that *818 the district court[1] imposed after finding him guilty of numerous violations of his supervised release conditions. Henderson maintains that the district court gave inadequate consideration to the factors set out in 18 U.S.C, § 3553(a) and that it abused its discretion in arriving at the ultimate sentence.
Because Henderson did not object at his revocation hearing that the district court had paid insufficient attention to 28 U.S.C. § 3553(a) in sentencing him, we review his first contention for plain error. United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008). In fixing its sentence, the district court specifically noted that it had considered “the factors listed in 18 U.S.C. 3553(a)” as the law requires. We have observed in these kinds of cases that we presume that district judges know the law and understand their duty to consider all of the § 3553(a) factors, United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009), and here we do not even have to resort to the presumption because the district court said directly that it had complied with its legal obligations. The sentence, moreover, was within the applicable guidelines range of seven to thirteen months’ imprisonment, and in such circumstances little explanation of the reasons for the sentence is required because it is likely that the district court rested its decision on the Sentencing Commission’s own reasoning that the guidelines sentence was proper. Rita v. United States, 551 U.S. 338, 356-57, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). There is no error here, much less plain error.
Henderson’s assertion that the district court’s sentence was unreasonable because it abused its discretion in fixing it is equally unavailing. It is true that the district court recommended that Henderson participate in nonresidential substance abuse and mental health treatment during his incarceration, and, as Henderson notes, the Supreme Court has held that a sentencing court may not impose or lengthen a sentence to promote a defendant’s rehabilitation. Tapia v. United States, 564 U.S. 319, 321, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011). But nothing in the present record supports an inference that the district court did that here: It simply recommended treatment while Henderson was serving the term of imprisonment it imposed. The Tapia court explicitly permitted a sentencing court to “urge the BOP to place an offender in a prison treatment program,” which is all that happened in the present case. There was no abuse of discretion.
Affirmed.

. The Honorable James M. Moody Jr,, United States District Judge for the Eastern District of Arkansas.