# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1424

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Miguel Gallegos Loaiza, also known as Pariente, also known as Juan Miguel
Gallegos Loaza

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 14, 2016
Filed: February 9, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Juan Miguel Gallegos Loaiza appeals the district court's[1] 210-month sentence for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). For the reasons discussed below, we affirm.

## I.    BACKGROUND

Loaiza was involved in a large, drug-trafficking organization in Lincoln, Nebraska. Jorge Ortiz-Lopez, the ring leader of the drug-trafficking organization, testified that he purchased between twenty and twenty-eight pounds of methamphetamine from Loaiza. Law enforcement also discovered a "stash house" that Loaiza visited often for only a couple minutes, which officers consider a sign of drug trafficking. A wiretap in the stash house confirmed Loaiza's involvement. On several occasions Loaiza paid various codefendants to deliver methamphetamine. Loaiza was personally responsible for at least 9,284 grams of methamphetamine. On October 23, 2013, the government filed an indictment charging Loaiza and six codefendants with conspiracy to distribute over 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. The government then filed two superseding indictments, one on November 20, 2013, and another on November 17, 2014, neither of which changed the count involving Loaiza. On March 19, 2015, Loaiza pleaded guilty to the second superseding indictment without a plea agreement.

Both parties objected to the presentence investigation report (PSR) prior to sentencing, and Loaiza filed a motion for variance. The parties agreed that Loaiza should receive a two-level increase for maintaining a premises where drugs were manufactured or distributed, should not receive a three-level enhancement for being a manager or supervisor in the drug-trafficking organization, but should receive a

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

three-level reduction for acceptance of responsibility. Based on that agreement, the new total offense level was thirty-seven. With a criminal history category I, Loaiza's Guidelines range was 210 to 262 months.

At the sentencing hearing, the district court accepted the agreement between the parties and adopted the remainder of the PSR. After Loaiza forfeited his opportunity to present evidence in support of his motion for variance, the district court rejected the motion, stating the court would "take into consideration all facts and circumstances with respect to 3553(a)." Both parties then presented arguments. Loaiza argued for a below-Guidelines sentence based on the alleged general trend of courts imposing below-Guidelines sentences for nonviolent drug offenders. Loaiza also stressed the nature and circumstances of the offense–that it was a nonviolent crime, and there was no evidence that Loaiza possessed a firearm at any point relating to the offense. Loaiza further argued that his history and characteristics, specifically his abusive home life, lack of education, history of substance and alcohol abuse, and low risk of re-offending, reinforced the need for a below-Guidelines sentence. Loaiza pointed out that he would not receive educational or correctional treatment because of his immigration status. Finally, Loaiza argued that there were several disparities that warranted a below-Guidelines sentence: a disparity between sentences for actual methamphetamine versus a mixture of methamphetamine and a disparity between sentences imposed on his codefendants in the same indictment and related cases. The government simply asked the court to look at the facts of the case and "treat this Defendant as [it has] the other defendants that have come before [the court] and give this man a guideline sentence."

The district court then described its reasoning, specifically stating that it "reviewed all of the section 3553(a) factors to be considered in imposing a sentence, including [Loaiza's] personal history and circumstances." The district court stated that because a "substantial amount of methamphetamine . . . was . . . trafficked" over a long period of time and because Loaiza was "one of the prime players in [the]

conspiracy," it had to "give weight to the nature of this offense." It considered Loaiza's lack of a prior criminal record, his codefendants' cases, and the record, and held that Loaiza's involvement "place[d him] squarely within the heartland of the guideline calculations." The district court overruled Loaiza's motion for variance and sentenced him to 210 months' imprisonment, the bottom of his Guidelines range, with five years of supervised release to follow. Loaiza now appeals his 210-month sentence, arguing that it was substantively unreasonable because the district court failed to give proper weight to his § 3553(a) arguments.

## II.    DISCUSSION

"We review a challenge to the substantive reasonableness of a sentence for an abuse of discretion." United States v. Leonard, 785 F.3d 303, 306 (8th Cir. 2015) (quoting United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009)). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). In determining the relevant factors a sentencing court should have considered, we examine the complete sentencing record. United States v. Battiest, 553 F.3d 1132, 1135 (8th Cir. 2009). Here, the district court imposed a sentence at the bottom of Loaiza's Guidelines range. Thus, "we presume the sentence is reasonable, and [Loaiza] carries the burden of rebutting this presumption." United States v. Beasley, 688 F.3d 523, 535 (8th Cir. 2012).

Loaiza argues that based on the facts and circumstances of this case, including the factors discussed at sentencing, imposing a within-the-Guidelines-range sentence was an abuse of discretion. However, the district court considered all of these arguments and found none of them convincing. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight

than others in determining an appropriate sentence." United States v. San-Miguel, 634 F.3d 471, 476 (8th Cir. 2011) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). Thus, relying more heavily on one factor and relying less on another alone is not enough for reversal. United States v. Meza-Lopez, 808 F.3d 743, 746 (8th Cir. 2015).

Here, there is overwhelming evidence that the district court carefully considered and appropriately weighed the sentencing factors. In addition to the court's repeated references to its consideration of the § 3553(a) factors, the record additionally shows that "the district court had significant exposure to the [exact] sentencing issues [Loaiza] claims it failed to adequately consider." See Battiest, 553 F.3d at 1136. Because the district court sentenced Loaiza's codefendants, it was familiar with the case. Also, the district court had before it the adopted PSR and Loaiza's brief in support of his motion for variance, which contained the same arguments for a below-Guidelines sentence that were presented at the sentencing hearing and are again presented on appeal. Moreover, during the sentencing hearing, the district court intently listened to arguments made by both Loaiza and the government, asked questions, and even referenced some of Loaiza's arguments. Thus, the district court adequately considered Loaiza's § 3553(a) arguments for a lower sentence.

"[I]t will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). This is not an unusual case. The district court considered the § 3553(a) factors, did not err in weighing the factors, and committed no clear error of judgment. Thus, there was no abuse of discretion.

## III.  CONCLUSION

The judgment of the district court is affirmed.

_____