# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1858
_____

Jose Luis Meza-Lopez, also known as Pariente

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: May 14, 2019
Filed: July 16, 2019
_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Jose Luis Meza-Lopez appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

Meza-Lopez was charged with conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). As part of the conspiracy, "Meza-Lopez, an illegal alien, loaded methamphetamine into cars, often at his home in Phoenix, Arizona[.]" United States v. Meza-Lopez, 808 F.3d 743, 744 (8th Cir. 2015). Drugs and drug proceeds would be hidden in the cars and ferried between Arizona and Nebraska. Id.

His petition to plead guilty noted that he faced a sentence of 10 years to life imprisonment on the drug conspiracy and up to 20 years imprisonment on the money laundering conspiracy, sentencing ranges the government and the magistrate judge reiterated at his plea hearing. Before allowing Meza-Lopez to enter his plea of guilty, the magistrate judge questioned him about the factual basis underlying his crime as required by Fed. R. Crim. P. 11(b)(3).

The factual basis for the drug conspiracy charge was provided by Meza-Lopez without issue, and the magistrate judge then addressed the money laundering conspiracy. When she asked if hidden compartments in the vehicles were used to conceal the fact that the money came from illegal drug activity, Meza-Lopez's counsel asked for time to confer with Meza-Lopez. His counsel then explained that Meza-Lopez did not "feel that he [could] fairly answer" the question. Plea Hr'g Tr. 18, Dist. Ct. Dkt. 84. Eventually, the magistrate judge said she was "getting a little stuck" because the money laundering conspiracy charge required Meza-Lopez to know that the transaction was designed to conceal the nature of the proceeds. Plea Hr'g Tr. 20-21; see also Cuellar v. United States, 553 U.S. 550, 562 (2008) (noting that, for a money-laundering charge, the government must prove that a defendant knows a transaction is designed to conceal the nature, location, source, ownership, or control of funds). Meza-Lopez's counsel explained that Meza-Lopez disputed knowing the quantity of drugs or amount of money or where in the vehicle the money was concealed but admitted he knew drug proceeds were hidden in the vehicles and

"not being introduced properly into commerce" or "reported and put in a bank account." Plea Hr'g Tr. 23. The magistrate judge continued to question if there was a sufficient factual basis, noting "there is nothing illegal about driving money down the interstate." Plea Hr'g Tr. 25. Eventually, the magistrate judge said she did not feel Meza-Lopez had admitted sufficient facts to provide a basis for the money laundering conspiracy charge to allow her to accept the guilty plea. She then invited the government to propose any additional questions. The Assistant United States Attorney then asked for an off-the-record conversation with defense counsel.

When the hearing resumed on the record, the magistrate judge stated, "[C]ounsel has assisted me in understanding the facts of the case a little bit better so that I can ask the questions better." Plea Hr'g Tr. 29. She then asked Meza-Lopez if the vehicles coming from Lincoln, Nebraska to Phoenix had money hidden in them. He answered affirmatively. When asked if he knew the money was hidden to avoid government detection, he again said, "Yes." When asked if he sought to avoid government detection because he knew the money was from drug sales, Meza-Lopez said his cousin was the one who wanted to avoid detection. The magistrate judge then asked if he knew that the money in the vehicles was from selling drugs, and Meza-Lopez said, "Yes, but it did not belong to me." Plea Hr'g Tr. 30. Meza-Lopez then pled guilty to the offense, and the magistrate judge found the plea to be knowing, intelligent and voluntary with a sufficient factual basis. She recommended to the district court that it accept Meza-Lopez's plea of guilty.

The district court accepted the magistrate judge's recommendation, accepted the guilty plea, and sentenced Meza-Lopez to 210 months in prison on each count, with the sentences to run concurrently. After an unsuccessful challenge to the substantive reasonableness of his sentence on direct appeal, Meza-Lopez, 808 F.3d at 747, Meza-Lopez timely filed a § 2255 motion alleging multiple arguments, including that his counsel provided ineffective assistance by advising him to plead guilty to the money laundering conspiracy charge when the facts did not support the

plea and by failing to object to the lack of a factual basis. The district court denied the motion, finding the "extended colloquy" at Meza-Lopez's plea hearing resulted not from a lack of a factual basis but from "the Magistrate Judge not asking the defendant the right questions—and perhaps a more general failure of communication between the defendant and the Magistrate Judge." United States v. Meza-Lopez, No. 4:14-CR-3011, 2018 WL 1747703, at *3 (D. Neb. Apr. 11, 2018) (unpublished). Nonetheless, the district court issued a certificate of appealability on the ineffective assistance claim. Meza-Lopez appeals, alleging the district court should have recognized that both his trial and appellate counsel provided ineffective assistance.

"We review de novo post conviction ineffective assistance claims brought under § 2255 and the underlying findings of fact for clear error." Calkins v. United States, 795 F.3d 896, 897 (8th Cir. 2015) (internal quotation marks omitted).

To prove ineffective assistance of counsel, a defendant must demonstrate both that his attorney's performance "fell below an objective standard of reasonableness" and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. To demonstrate prejudice in the guilty plea context, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" or "a 'substantial,' not just 'conceivable,' likelihood of a different result." Id. (quoting Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). Instead, "[j]udges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

We first examine Meza-Lopez's claim that his trial counsel was ineffective in advising him to plead guilty to the money laundering conspiracy charge and failing to challenge the lack of a factual basis to support the guilty plea. Meza-Lopez argues there were insufficient facts to indicate that he knew the money in the vehicles was hidden for the purpose of concealing its nature as the proceeds of illegal activity, as required to sustain a guilty plea to a money laundering conspiracy count. See Cuellar, 553 U.S. at 567. Meza-Lopez also argues his trial counsel coerced him into pleading guilty by falsely telling him that, if found guilty at trial, Meza-Lopez would face consecutive sentences on his two counts.

"A guilty plea is supported by an adequate factual basis when the record contains sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." United States v. Cheney, 571 F.3d 764, 769 (8th Cir. 2009) (internal quotation marks omitted). However, we need not determine whether the record provides a sufficient basis for Meza-Lopez's guilty plea. Rather, because the claim on appeal is ineffective assistance of counsel, we must decide whether, when Meza-Lopez's trial counsel advised him to plead guilty and did not object to the factual basis at the plea hearing, the attorney's representation "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. We hold that it did not. A reasonable attorney could have determined that the record, including the government's uncontested evidence and Meza-Lopez's own colloquy with the magistrate judge, established an adequate factual basis for Meza-Lopez's guilty plea to the money laundering charge. See United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003) ("We have held that facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court are sufficient to find a factual basis for a guilty plea." (internal citations omitted)).

We also reject the claim that Meza-Lopez pled guilty due to improper coercion from his trial counsel. Though Meza-Lopez alleges his counsel lied to him by stating he would receive consecutive sentences if he went to trial, we agree with the district court that it is "unclear whether that would have been accurate advice." Meza-Lopez, 2018 WL 1747703, at *3. Meza-Lopez does not argue that his counsel guaranteed him a particular sentence by pleading guilty. Furthermore, Meza-Lopez stated at his plea hearing that he was satisfied with his counsel's performance and confirmed in several instances that he was entering his plea voluntarily. See United States v. Payton, 260 F.3d 898, 900 (8th Cir. 2001). He was also informed of the maximum sentence multiple times and stated that he understood. See United States v. Quiroga, 554 F.3d 1150, 1155 (8th Cir. 2009) (collecting cases that establish erroneous advice from counsel does not invalidate a guilty plea "as long as the court informed the defendant of his maximum possible sentence"). Because Meza-Lopez cannot establish that his attorney's performance "fell below an objective standard of reasonableness," his Strickland claim fails. Strickland, 466 U.S. at 688.

Meza-Lopez also claims that his appellate counsel provided ineffective assistance by appealing only the substantive reasonableness of his sentence and failing to appeal the allegedly-insufficient factual basis underlying his guilty plea to the money laundering charge. However, our "appellate review is limited to the issues specified in the certificate of appealability." Carter v. Hopkins, 151 F.3d 872, 874 (8th Cir. 1998). Because the district court issued a certificate of appealability on only "one issue"—"the defendant's claim that his plea of guilty to conspiracy to launder money resulted from ineffective assistance of counsel"—we decline to address Meza-Lopez's second argument. Meza-Lopez, 2018 WL 1747703, at *5.

We affirm the district court's denial of Meza-Lopez's § 2255 motion.

_____