# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3662
_____

DeMarko L. Collins

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 14, 2021
Filed: March 16, 2022

_____

Before LOKEN, ARNOLD, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Does trial counsel's failure to object to a sentencing enhancement, based on an Eighth Circuit decision that controlled the issue at the time of sentencing but was later overruled by the court en banc, satisfy the "prejudice" element of an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984)?

We conclude the answer is no and therefore affirm the district court's[1] denial of DeMarko Collins's motion for post-conviction relief under 28 U.S.C. § 2255.

## I.

On September 1, 2016, Collins pleaded guilty to being a felon in possession of a firearm and possessing a stolen firearm. See 18 U.S.C. §§ 922(g)(1) and (j) and 924(a)(2). The Presentence Investigation Report (PSR) determined he had two prior felony convictions for "crimes of violence," including a Missouri state court conviction for second-degree robbery. Mo. Rev. Stat. § 569.030.1 (1979).[2] These prior convictions enhanced the base offense level, see USSG § 2K2.1(a)(2), resulting in a total offense level of 23 and an advisory guidelines sentencing range of 84 to 105 months' imprisonment. Five months before Collins's March 2017 sentencing hearing, a divided panel of this court held that Missouri second-degree robbery is not a crime of violence. United States v. Bell, 840 F.3d 963, 966-67 (8th Cir. 2016). Defense counsel did not cite Bell in opposing the § 2K2.1 enhancement. The district court overruled Collins's objections, granted the government's motion for an upward variance, and sentenced Collins to 216 months -- 108 months on each count.

Collins appealed his sentence. Relying on Bell, he argued that the district court erred in imposing the § 2K2.1 enhancement because Missouri second-degree robbery is not a crime of violence under the Guidelines. With the appeal pending, our en banc court overruled Bell and held that a conviction for Missouri second-degree robbery is a violent felony under the Armed Career Criminal Act (ACCA). United States v. Swopes, 886 F.3d 668, 672 (8th Cir. 2018). One month later, a panel affirmed

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Missouri amended its second-degree robbery statute effective January 1, 2017. See Mo. Rev. Stat. § 570.025.1. The amended statute is not at issue.

Collins's sentence, concluding that <u>Swopes</u> foreclosed his contention because "[o]ur precedent views a 'violent felony' under the ACCA and a 'crime of violence' under the Guidelines as interchangeable." <u>United States v. Collins</u>, 719 F. App'x 542, 543 (8th Cir. 2018), citing <u>United States v. Hall</u>, 877 F.3d 800, 806 (8th Cir. 2017).

On April 15, 2019, Collins filed a *pro se* motion for § 2255 relief. Ground One of the five-count motion alleged that he received ineffective assistance of counsel at sentencing because counsel failed to cite <u>Bell</u>, which was controlling authority establishing that, at the time of his sentencing, a Missouri second-degree robbery conviction was not a crime of violence under the Guidelines. The district court denied § 2255 relief, rejecting each of the five counts Collins alleged. As to Count One, the court concluded:

> [e]ven if [Collins] is correct that his counsel should have raised this objection at sentencing, he cannot demonstrate he was prejudiced by it. To establish prejudice in the sentencing context, a defendant must show a reasonable probability that, but for counsel's errors, the defendant would have received a lesser sentence than he did. . . . The record demonstrates this Court would not have imposed a lesser sentence, even if the guidelines calculations had been lower.

The district court denied Collins's request for the certificate of appealability (COA) required to appeal the denial of § 2255 relief. <u>See</u> 28 U.S.C. §§ 2253(c), 2255(d). We then granted a COA "solely on the issue corresponding with Ground One of Appellant's section 2255 motion." In Ground One, Collins alleged:

> Ineffective Assistance Counsel: My Attorney did not bring up controlling law at time of PSI objections or sentencing . . . 2nd degree robbery was not violent under controlling law . . . his performance was deficient for not researching controlling law and it prejudice[d] me by getting higher sentence.

This is the only issue we may consider on appeal. See Fields v. United States, 201 F.3d 1025, 1026 n.2 (8th Cir. 2000). We review ineffective assistance of counsel claims *de novo*. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019). To establish ineffective assistance, Collins must show that his counsel's performance was constitutionally deficient and that he was prejudiced by the deficiency. Strickland, 466 U.S. at 687.

## II.

On appeal, Collins argues he was prejudiced by counsel's failure to cite Bell at sentencing because it resulted in Collins "serving 4½ years more than he would have without counting the robbery conviction." This issue is governed by Lockhart v. Fretwell, 506 U.S. 364 (1993). In Fretwell, a divided panel of this court held that the petitioner was entitled to habeas corpus relief because trial counsel failed to object to a sentence-enhancing factor based on an Eighth Circuit decision we later overruled. Fretwell v. Lockhart, 946 F.2d 571 (8th Cir. 1991). The Supreme Court granted certiorari to decide "whether counsel's failure to make an objection in a state criminal sentencing proceeding -- an objection that would have been supported by a decision which subsequently was overruled -- constitutes 'prejudice' within the meaning of [the Supreme Court's] decision in Strickland v. Washington." Fretwell, 506 U.S. at 366. The Court reversed our grant of habeas relief:

> Because the result of the sentencing proceeding . . . was rendered neither unreliable nor fundamentally unfair as a result of counsel's failure to make the objection, we answer the question in the negative. To hold otherwise would grant criminal defendants a windfall to which they are not entitled.

Id. As Justice O'Connor explained, "today we hold that the court making the prejudice determination may not consider the effect of an objection it knows to be wholly meritless under current governing law, even if the objection might have been

considered meritorious at the time of its omission." Id. at 374 (O'Connor, J., concurring).

Collins's Reply Brief conceded that the question presented in Fretwell "resonates at the same frequency here." Indeed, this case fits precisely in the Fretwell glove. When Collins on direct appeal cited Bell in challenging his § 2K2.1 enhancement based on a Missouri second-degree robbery conviction, Bell had been overruled by Swopes, and this prior conviction was once again a predicate crime of violence under the Guidelines. Strickland prejudice "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Fretwell, 506 U.S. at 372. Collins was not deprived of a substantive or procedural right to which the law entitles him, so he "suffered no legally cognizable prejudice." Id. at 375 (O'Connor, J., concurring). Accordingly, the district court did not err in denying his Count One § 2255 claim of ineffective assistance of counsel.[3]

The judgment of the district court is affirmed.

_____

---

[3]Collins argues that Fretwell is distinguishable because the defendant in Fretwell went to trial, but here counsel's failure rendered Collins's prosecution "fundamentally unfair and unreliable because it, alone, informed [his] decision to plead guilty." However, Collins's § 2255 motion did not raise this issue or challenge his decision to plead guilty. Accordingly, this issue was not preserved for appeal and in any event is beyond the scope of the COA he was granted.