# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1873
_____

John Ways, Jr., also known as John Blacksteel

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: July 15, 2024
Filed: July 18, 2024
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted John Ways of conspiring to sell drug paraphernalia, conspiring to distribute Schedule I controlled substances, and conspiring to commit money laundering. We affirmed those convictions on direct appeal. United States v. Ways, 832 F.3d 887, 890 (8th Cir. 2016). Ways then moved for relief under 28 U.S.C. § 2255, arguing, inter alia, that counsel performed deficiently by failing to

pursue an innocent intent defense, failing to provide exculpatory evidence concerning his use of an alias, and failing to call witnesses who manufactured the substances that he sold. After holding a hearing, the district court[1] denied relief but granted a certificate of appealability as to the above issues. Those issues are the only ones we will consider. See Collins v. United States, 28 F.4th 903, 906 (8th Cir. 2022).

Following careful review, we conclude that Ways's claims of ineffective assistance lack merit. See Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (standard of review). The evidence and argument he faults counsel for omitting related to his innocent intent was cumulative or insufficiently weighty to impact the outcome, and thus he has not proven prejudice. See Hall v. Luebbers, 296 F.3d 685, 693 (8th Cir. 2002); Lawrence v. Armontrout, 31 F.3d 662, 668 (8th Cir. 1994). Additionally, counsel's conduct with respect to the money laundering offense and Ways's use of an alias did not rise to the level of constitutionally deficient performance, particularly in light of the way the money laundering offense was framed by the government and counsel's efforts to contest Ways's guilt. See Sherron v. Norris, 69 F.3d 285, 290 (8th Cir. 1995). Finally, the record shows that counsel made a strategic decision not to call the witnesses who manufactured the substances that Ways sold. See Forsyth v. Ault, 537 F.3d 887, 892 (8th Cir. 2008).

Accordingly, we affirm the judgment of the district court.

_____

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.