# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3477

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Gregg Allen Pickar, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 18, 2011
Filed: January 27, 2012

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury found Gregg Allen Pickar guilty of bank robbery in violation of 18 U.S.C. § 2113(a). Based upon his prior convictions for aggravated robbery and for fleeing a police officer in a motor vehicle, the district court sentenced Pickar as a career offender to 210 months in prison, the bottom of the advisory guidelines range. See U.S.S.G. § 4B1.1. We affirmed the conviction but vacated the sentence because, subsequent to Pickar's sentencing, a divided panel had held that a Minnesota fleeing-the-police conviction was not a crime of violence for career offender purposes. United States v. Pickar, 616 F.3d 821, 829 (8th Cir. 2010), applying United States v. Tyler, 580 F.3d 722 (8th Cir. 2009).

On remand, the district court[1] correctly recalculated the advisory guidelines range as 100 to 125 months in prison. The government urged the court to again impose a 210-month sentence. After the court denied Pickar's request for a downward departure or variance, defense counsel urged a sentence at the bottom of the new guidelines range. The court instead imposed a 150-month sentence, carefully explaining its reasons for varying upward from the advisory range but not to the 210-month sentence urged by the government. Pickar appeals, arguing the sentence is substantively unreasonable. Following submission of briefs on appeal, the Supreme Court held, overruling prior Eighth Circuit decisions, that district courts may not "impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia v. United States, 131 S. Ct. 2382, 2393 (2011). Defense counsel then submitted a letter arguing "that the district court erred by imposing a sentence based in part on the conclusion that Mr. Pickar would [receive] better treatment while in prison." Reviewing the reasonableness issue for abuse of discretion and the Tapia issue for plain error, we affirm.[2]

Pickar argues that the 150-month sentence is substantively unreasonable because the district court "failed to meaningfully consider" mitigating factors -- a childhood car accident that resulted in severe mental disability and the non-violent way he committed the bank robbery. The district court noted these mitigating factors in its thorough explanation of why it imposed a 150-month sentence:

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]After Pickar's resentencing, the Supreme Court held that intentional vehicle flight *is* a violent felony for purposes of the Armed Career Criminal Act. Sykes v. United States, 131 S. Ct. 2267, 2277 (2011). We need not consider whether Sykes overruled our decision in Tyler, a possible outcome the Court noted. Id. at 2272.

As I said last year, Mr. Pickar has a very extensive criminal record, one that encompasses an extensive record as a juvenile and almost 20 convictions as an adult. . . . Mr. Pickar's criminal history points are almost double the number needed to put him in the highest criminal history category recognized under federal law. . . . [O]ver the past 25 to 30 years, Mr. Pickar has been unable to stay out of jail for more than a couple years at a time. . . . And he committed the bank robbery for which he is now being sentenced less than two years after he was released from custody following his 2006 conviction for fleeing a police officer.

Two things stand out: First, shorter sentences have failed to deter Mr. Pickar from committing crimes. . . .

Second, Mr. Pickar is, obviously, a danger to the public. I recognize that he is likely dangerous through no fault of his own but because of physical and emotional trauma suffered as a child, but that does not change the fact that Mr. Pickar is dangerous and the public needs to be protected from him.

I should also note that I believe that a long sentence is necessary to provide Mr. Pickar with needed care and treatment. . . . Mr. Pickar has been on the street and he has been on probation and he has done very poorly in both situations.

In light of the strength of these factors, as well as the other Section 3553(a) factors, such as the seriousness of Mr. Pickar's offense and the need to deter others from committing that offense, I have contemplated a sentence of longer than 150 months, but just as the aggravating factors that I discussed last year remain true, so too do the mitigating factors . . . . For these reasons, I find that a sentence of 150 months is appropriate in this case.

"A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v.

Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotations omitted). There was no such error here. The court's decision to assign greater weight to Pickar's criminal history and the nature of his offense than to mitigating personal factors was well within its wide sentencing latitude. See United States v. Foy, 617 F.3d 1029, 1036-37 (8th Cir. 2010), cert. denied, 131 S. Ct. 1512 (2011).[3]

Pickar has also suggested Tapia error based upon the district court noting "that a long sentence is necessary to provide Mr. Pickar with needed care and treatment." We review this issue for plain error. See United States v. Blackmon, 662 F.3d 981, 986 (8th Cir. 2011).

In Blackmon, we concluded there was no plain error affecting defendant's substantial rights because "the district court never expressed an intention to lengthen Blackmon's sentence for rehabilitative purposes," and therefore we would have to speculate whether he would have received a lighter sentence absent the court's comment about the defendant's need for drug treatment. Id. at 987; accord United States v. Werlein, ___ F.3d ___, 2011 WL 6221798, at *2-3 (8th Cir. Dec. 15, 2011); United States v. Martin, 2011 WL 3849889, at *5 (4th Cir. 2011) (unpublished). The same is true in this case. The district court's lengthy explanation made clear that the need to protect the public from a dangerous recidivist and to deter Mr. Pickar and others from committing this serious crime were the dominant factors in the court's § 3553(a) analysis. Consistent with then-governing Eighth Circuit precedent, the court noted that a long sentence would likely provide Pickar with needed care and

---

[3]At the first sentencing hearing, Pickar submitted data showing that other persons recently convicted of bank robbery in the District of Minnesota had received shorter sentences and argued this was evidence the guidelines range would result in unwarranted sentence disparity. See 18 U.S.C. § 3553(a)(6). The district court acted well within its discretion in discounting this evidence because the data failed to include relevant comparative information such as whether defendants receiving lesser sentences had pleaded guilty or provided substantial assistance to the government.

treatment. But there was no suggestion that the court lengthened the sentence on account of this factor. By contrast, the district court in Tapia explicitly calculated the length of the sentence to ensure the defendant's eligibility for a drug treatment program. 131 S. Ct. at 2392-93; see United States v. Cordery, 656 F.3d 1103, 1105 (10th Cir. 2011) (on plain error review, resentencing ordered because district court stated, "he needs a sentence of at least 56 months" to successfully complete BOP drug program and mental health counseling); United States v. Olson, ___ F.3d ___, 2012 WL 97525, at *3 (8th Cir. Jan. 13, 2012) (on plain error review, remanding because district court may have manipulated guidelines determinations to lengthen a prison sentence in order to complete a federal treatment program).

Here, as in Blackmon, there was no plain error. The judgment of the district court is affirmed.

_____