# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3032
_____

United States of America

*Plaintiff - Appellee*

v.

David Charles Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 10, 2014
Filed: March 14, 2014
[Unpublished]

_____

Before LOKEN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

David Charles Walker pleaded guilty to attempting to transfer obscene material to a minor in violation of 18 U.S.C. § 1470 after he made internet contact with two undercover police officers posing as 13 and 14 year old girls and transmitted obscene videos for the purpose of inducing them to meet and have sexual relations with him.

At sentencing, the district court[1] determined an advisory guidelines sentencing range of 27 to 33 months in prison. Neither party objected. Walker urged a within-range sentence. The government urged an eight to ten year sentence, a substantial upward variance, because (i) Walker began this offense conduct two months after his release after serving a five-year Missouri sentence "for essentially the very same behavior," (ii) he refused to participate in the Missouri Department of Corrections sex offender program while serving that sentence, and (iii) he was back online contacting an undercover police officer immediately after a warrant search resulted in the seizure of electronic items he used to perpetrate these crimes. Government counsel argued: "He's demonstrated quite clearly that there is nothing out there that we can do to dissuade him. I think a sentence less than [the five years] he received the first time would be clearly illogical." Explicitly taking into account the 18 U.S.C. § 3553(a) sentencing factors, the district court concluded that varying upward to a 96-month sentence was reasonable and appropriate.

On appeal, Walker argues the district court imposed a substantively unreasonable sentence that did not give sufficient weight to Walker's present recognition he needs treatment; his stated post-release plan for work, treatment, education, and support of his family; and the likelihood he will be harshly treated by other inmates while in prison. "We review with great deference the reasonableness of a sentence for abuse of discretion," including a sentence that reflects a substantial upward variance. United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). As in United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012), the district court's "decision to assign greater weight to [Walker's] criminal history and the nature of his offense than to mitigating personal factors was well within its wide sentencing latitude." It was not unreasonable for the district court to conclude that Walker's

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

immediate resumption of his predatory conduct after release from serving a prior sentence warranted imposing incrementally greater punishment for this offense.

The judgment of the district court is affirmed.

_____