# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1480

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Sharkey, II

*Defendant - Appellant*

_____

No. 17-1917

_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Burton

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 10, 2018
Filed: July 18, 2018
[Published]

———————

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Dennis Sharkey and Jacob Burton distributed methamphetamine throughout northern Iowa. They were charged with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a), and they both pled guilty. The district court[1] sentenced Sharkey to 140 months imprisonment and Burton to 154 months imprisonment. Both defendants appeal, citing errors with their sentences. We affirm.

I.

At some point in 2013, law enforcement discovered a methamphetamine-distribution operation near Dubuque, Iowa. After some investigation, Michael Bent was identified as a primary distributor in the operation. The government proceeded through the proper channels and obtained a wire tap for Bent's phone. By monitoring this wire tap, law enforcement discovered Sharkey and Burton were lower-level distributors operating under Bent. Both defendants introduced prospective customers to Bent, and both sold various amounts of methamphetamine on a number of occasions in furtherance of the scheme. The defendants were charged by indictment in May 2016 and each ultimately pled guilty to a single charge of conspiracy to distribute methamphetamine.

———————

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

In preparation for sentencing, the probation office prepared a presentence investigation report ("PSR") on each of the defendants. Sharkey's PSR assigned him a total offense level of 29 and a criminal history category of V. Burton's noted that he had a total offense level of 29 and a criminal history category of IV. As a result of this information, the parties agreed that Sharkey's advisory sentencing guideline range was 140 to 175 months and Burton's was 151 to 188 months. The court sentenced Sharkey and Burton, respectively, to 140 and 154 months imprisonment.

Both defendants appeal, arguing that the district court imposed substantively unreasonable sentences, and Burton asserts an additional claim of procedural error.

II.

We "first ensure that the district court committed no significant procedural error[] such as failing to calculate (or improperly calculating) the Guidelines range." See Gall v. United States, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the defendants' sentences for abuse of discretion. United States v. Phelps, 536 F.3d 862, 869 (8th Cir. 2008). "[S]ubstantive appellate review in sentencing cases is narrow and deferential . . . , [and] it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (internal quotation marks omitted). On substantive review, an abuse of discretion occurs if the district court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012) (internal quotation marks omitted). A within-guideline sentence may be accorded a presumption of reasonableness on appeal, but "[t]his presumption . . . may be rebutted by reference

to the statutory sentencing factors found in 18 U.S.C. § 3553(a)." United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) (internal quotation marks omitted).

A.

Sharkey contends that his 140-month sentence is substantively unreasonable. We begin from a presumption of reasonableness given that his sentence is at the very bottom of the applicable guideline range. See United States v. Williams, 599 F.3d 831, 834 (8th Cir. 2010). The only means by which Sharkey attempts to overcome this presumption is his assertion that the district court considered an improper factor in arriving at his sentence because the court mentioned that Sharkey introduced other "customers" to Bent. This was error, Sharkey asserts, because the only two "customers" he introduced to Bent were a confidential informant and an undercover police officer. We are aware of no authority stating that a district court cannot consider an informant and undercover officer as customers for the purposes of discussing a defendant's role in a criminal enterprise. This argument also bypasses entirely the fact that Sharkey undoubtedly believed these individuals were genuine customers at the time of the introductions. The district court did not abuse its discretion in sentencing Sharkey to 140 months. Cf. United States v. LeGrand, 468 F.3d 1077, 1079 (8th Cir. 2006) (affirming defendant's conviction and sentence for conspiracy to distribute methamphetamine where only three drug transactions were made with undercover officer).

B.

For his part, Burton argues that the court committed procedural error in calculating his guidelines range by rejecting his argument that he was entitled to a two-level mitigating-role reduction. United States v. Hunt, 840 F.3d 554, 557 (8th Cir. 2016) (per curiam) ("Whether a defendant played a minor role is a question of

fact, reviewed for clear error." (internal quotation marks omitted)). Under USSG § 3B1.2(b), a defendant is entitled to a two-level decrease if he "was a minor participant in any criminal activity." By its terms, this deduction is available where the defendant's role "makes him substantially less culpable than the average participant in the criminal activity." Id. § 3B1.2, comment. (n.3). The defendant has the burden of proving that "he or she is [a] minor participant by comparison with other participants *and* by comparison with the offense for which he or she was held accountable." United States v. Bradley, 643 F.3d 1121, 1129 (8th Cir. 2011) (alteration in original) (internal quotation marks omitted). Burton attempts to meet this burden by asserting that he was only involved in the conspiracy for five months and that one of his primary functions in the scheme was to merely deliver drugs between Bent and his customers. Burton fails to acknowledge, however, that during this five-month period, he distributed at least 113 grams of methamphetamine, which averages out to nearly one ounce per month. Burton therefore fails to show he was a "minor participant . . . by comparison with the offense for which he or she was held accountable." Id. Additionally, "this court has consistently rejected the argument that a distributor of controlled substances deserves a minor-role reduction simply because of the presence of a larger-scale upstream distributor." Id. (internal quotation marks omitted). The district court did not clearly err in denying the mitigating-role adjustment, and we discern no other procedural errors in Burton's sentencing.

Turning to his argument that the court imposed a substantively unreasonable sentence, Burton contends that the court gave significant weight to an improper factor by "significantly overvalu[ing] the nature of the burglary offenses in Burton's criminal history." In discussing Burton's criminal history as part of its consideration of the 18 U.S.C. § 3553(a) factors, the district court stated:

> He started—he had an assault conviction at the age of 20. Domestic abuse assault at the age of 24. Numerous theft and burglary convictions. And I consider burglary—I'm not talking about any statutory definitions

here, but I think burglary is an unbelievably violent and personal offense. I have never been the victim of a burglary, but if my house was burglarized, whether I was present or not, I just think that's an unbelievably serious crime to commit against a victim, and he's got numerous burglary convictions.

Citing Mathis v. United States, 136 S. Ct. 2243 (2016), Burton argues this discussion of his prior burglaries was in error because the Supreme Court held that Iowa burglary is not a "crime of violence." This argument reads too much into Mathis. That case decided merely that the definition of "burglary" under Iowa law was broader than that of the generic offense. Mathis, 136 S. Ct. at 2257. As a result, the Court held that a conviction for Iowa burglary could not serve as a predicate felony for the purposes of the Armed Career Criminal Act (ACCA). Id. Here, Burton was not sentenced under the ACCA, so Mathis is largely inapposite. Moreover, in arriving at a particular sentence, the district court is required to consider a defendant's criminal history. See § 3553(a)(1). Given this requirement, the district court did not abuse its discretion in expressing its views on the nature of Burton's prior convictions. Cf. United States v. Foy, 617 F.3d 1029, 1036-38 (8th Cir. 2010) (affirming sentencing court's decision to vary upward from top of the guidelines range because of district court's thorough discussion of defendant's criminal history).

Burton's third argument is that the court erred by not varying downward based on a policy disagreement with the guidelines range imposed in cases involving methamphetamine. See United States v. Hayes, 948 F. Supp. 2d 1009, 1015-18 (N.D. Iowa 2013) (collecting cases and expressing disagreement with the sentences imposed in methamphetamine cases). As Burton notes, we have stated that "the Supreme Court held it was not an abuse of discretion for a district court to vary from the Guidelines based on its policy disagreement concerning the disparity between crack and powder cocaine sentences." Battiest, 553 F.3d at 1137 (citing Kimbrough v. United States, 552 U.S. 85, 110-11 (2007)). But Burton fails to recognize the very next sentence from Battiest, in which we state "that Kimbrough did not mandate that

district courts consider the crack/powder sentencing disparity and [sentencing courts] do not act [] unreasonably, abuse[] [their] discretion, or otherwise commit[] error if they do not." 553 F.3d at 1137 (first alteration added) (internal quotation marks omitted). Here, the court expressly considered Burton's policy argument and rejected it. This was within its discretion. See Phelps, 536 F.3d at 869 ("The district court considered Phelps's arguments and found them unpersuasive. It did not abuse its discretion . . . .").

Finally, Burton argues that the court erred by not varying downward because of his health issues and drug addiction. Specifically, Burton asserts that he has a history of heart and dental problems, and he claims that his criminal activity is directly tied to his longstanding use of methamphetamine. The district court expressly stated that "[t]here are definitely mitigating factors here" and that it was "certainly taking those into consideration." It further noted that Burton presented a strong argument for mitigation with reference to, among other things, his "mental health history" and the "huge problem he has had with methamphetamine." Ultimately, however, the court determined that Burton was not entitled to a downward variance due to the presence of a number of different aggravating factors, such as his extensive criminal history and his recent action in exposing the identities of confidential cooperating witnesses. Given that the court is free to assign some factors more weight than others, no abuse of discretion occurred here. See Pickar, 666 F.3d at 1169 ("The court's decision to assign greater weight to [the defendant's] criminal history and the nature of his offense than to mitigating personal factors was well within its wide sentencing latitude.").

The district court did not procedurally err, and Burton has failed to rebut the presumption of reasonableness attached to his within-guidelines sentence.

## III.

For the reasons stated above, we affirm the district court in both of these cases.

_____