# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3590

_____

United States of America

*Plaintiff - Appellee*

v.

Jacky Xiong

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 15, 2018
Filed: December 13, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jacky Xiong challenges the 188-month prison sentence he received after pleading guilty to possession with intent to distribute methamphetamine. Because his within-Guidelines-range sentence was adequately explained and is substantively reasonable, we affirm.

First, the district court[1] fully explained why it sentenced Xiong to 188 months in prison. According to the court, the sentence was "sufficient, but not more than necessary," to account for Xiong's extensive criminal history and the severity of his offense. The court acknowledged that Xiong had accepted responsibility, but it stressed that his criminal record was "pretty bad" and that, despite being incarcerated several times before, he "ha[d not] changed [his] behavior." The sentence needed to be "substantial," the court stated, because of the large amount of methamphetamine Xiong had trafficked and the fact that the trafficking did not end until months after the police first discovered drugs at his home and business. This explanation was sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing," *Gall v. United States*, 552 U.S. 38, 50 (2007), which is all that we require, *see United States v. Chavarria-Ortiz*, 828 F.3d 668, 670–71 (8th Cir. 2016).

Second, Xiong's sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that we review the substantive reasonableness of a sentence under "a deferential abuse-of-discretion standard" (citation omitted)). Within-Guidelines-range sentences are entitled to a presumption of reasonableness. *United States v. Sharkey*, 895 F.3d 1077, 1080–81 (8th Cir. 2018) (per curiam). The district court's explanation, including its discussion of the facts of this case and the statutory sentencing factors, gives us no reason to doubt the application of the presumption here.

Xiong believes the district court should have placed greater weight on several mitigating factors, including his methamphetamine and gambling addictions. But the court mentioned these factors during Xiong's sentencing hearing and gave them the weight it thought they deserved. It did not abuse its discretion in doing so. *See United States v. King*, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)).

We affirm the judgment of the district court.

_____