# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-3695

_____

United States of America

*Plaintiff - Appellee*

v.

Sean A. Lloyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Western Division

_____

Submitted: November 12, 2018
Filed: February 13, 2019
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Sean A. Lloyd argues that his above-Guidelines sentence was substantively unreasonable because the district court[1] did not give sufficient weight to certain mitigating factors. We disagree and affirm.

Lloyd pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In light of his extensive criminal record, the recommended sentence range under the U.S. Sentencing Commission Guidelines Manual ("the Guidelines") for Lloyd was 77 to 96 months of imprisonment. The district court, following the Government's recommendation, varied upward from the Guidelines and sentenced Lloyd to 108 months of imprisonment — an upward variance of 12 months.

Lloyd argues that in determining his sentence the district court failed to give enough weight to his difficult childhood and his mental health and substance abuse issues. We review the substantive reasonableness of a sentence for an abuse of discretion. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). We do not presume that sentences outside the Guidelines range are unreasonable. *See id*. Where a sentence varies above the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461–62 (quoting *Gall*, 552 U.S. at 51).

Here, the district court did not abuse its discretion in considering and weighing the § 3553(a) factors in imposing Lloyd's sentence. It appropriately considered his lengthy criminal history, which included serious violent crime, as well as his

---

[1]The Honorable David Gregory Kays, then Chief United States District Judge for the Western District of Missouri, now United States District Judge for the Western District of Missouri.

-2-

mitigating factors. The district court's considered decision not to provide greater weight to the mitigating factors put forward by Lloyd does not constitute an abuse of discretion. *See United States v. Pickar*, 666 F.3d 1167, 1169 (8th Cir. 2012) (stating that a sentencing court's decision to assign greater weight to a defendant's criminal history than mitigating factors is "well within its wide sentencing latitude").

We find the sentence imposed was not substantively unreasonable and we affirm.