# United States Court of Appeals
## For the Eighth Circuit
_____

No. 18-2364
_____

United States of America

*Plaintiff - Appellee*

v.

John Minteer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo
_____

Submitted: April 19, 2019
Filed: May 13, 2019
[Unpublished]
_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

John Minteer pled guilty to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, which contained 50 grams or more of pure (actual) methamphetamine, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced him to 234 months' imprisonment. On appeal, Minteer argues the district court abused its discretion by accepting the sentencing guidelines 10:1 ratio between pure methamphetamine and methamphetamine mixtures, despite other judges in the district rejecting that approach based on personal policy disagreements. We affirm.

Prior to sentencing, Minteer filed written objections to the Presentence Investigation Report and moved for a downward variance under the advisory sentencing guidelines based on his extraordinary addiction to controlled substances, the overstated guidelines for actual (pure) methamphetamine, and the factors set forth in 18 U.S.C. § 3553(a). At Minteer's sentencing hearing, the district court calculated an advisory guideline range of 234 to 292 months' imprisonment, based, in part, on a stipulated offense level of 38 for the drug quantity involved in the offense. The court declined to adopt other district court judges' personal policy disagreements with the United States Sentencing Commission with regard to the manner in which pure controlled substances or highly pure controlled substances are calculated in the guidelines.

Minteer argues the court's refusal to adopt other district court judges' views on calculating pure or highly pure controlled substances was an abuse of discretion. His argument is foreclosed by precedent. United States v. Sharkey, 895 F.3d 1077, 1082 (8th Cir. 2018). Further, the sentence imposed is not unreasonable. The court followed the United States Supreme Court's instruction to calculate the advisory guidelines range and to use that range as a starting point, but to impose a sentence that is sufficient but not greater than necessary after considering all of the factors set forth in 18 U.S.C. § 3553(a). Here, the court noted its authority to vary from the advisory guidelines range, and it adequately explained the reasons for imposing the

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

sentence it did.  The district court did not procedurally err, and Minteer has failed to rebut the presumption of reasonableness attached to his within-guidelines sentence.

We affirm the judgment of the district court.

_____