# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3692
_____

United States of America

*Plaintiff - Appellee*

v.

Tyson Ray Wahlen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: April 27, 2021
Filed: April 30, 2021
[Unpublished]
_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Tyson Wahlen appeals after he pleaded guilty to a drug offense and the district court[1] sentenced him to 178 months in prison, below the advisory United States

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Sentencing Guidelines range. His counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable.

Having reviewed the record under a deferential abuse-of-discretion standard of review, <u>see</u> <u>Gall v. United States</u>, 552 U.S. 38, 41 (2007), we conclude the district court did not impose an unreasonable sentence. The court properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (explaining the standard of review); <u>United States v. Richart</u>, 662 F.3d 1037, 1054 (8th Cir. 2011) (concluding that a mere disagreement with how the district court reasonably weighed the relevant factors is insufficient to demonstrate an abuse of discretion). Furthermore, the court did not err in declining to vary downward further based on Wahlen's policy disagreement with the relevant Guidelines for methamphetamine offenses. <u>See</u> <u>United States v. Sharkey</u>, 895 F.3d 1077, 1082 (8th Cir. 2018) (per curiam) (explaining that a district court does not abuse its discretion when it considers but rejects a request to vary downward based on a policy disagreement over Guidelines sentencing disparities). Finally, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____