# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2493
_____

United States of America

*Plaintiff - Appellee*

v.

Marques M. Robinson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 14, 2021
Filed: June 25, 2021
[Unpublished]
_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Marques M. Robinson pled guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district

court[1] sentenced him to 108 months in prison and three years of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After shooting a gun outside a liquor store, Robinson pled guilty to two counts of being a felon in possession of a firearm, admitting at least six prior felony convictions. The court accepted the plea. The Presentence Investigation Report (PSR) calculated an advisory sentencing guidelines range of 140 to 175 months in prison (lowered to 120 months, the statutory maximum). The PSR recommended no reduction for acceptance of responsibility; Robinson objected. Overruling the objection, the district court imposed a sentence of 108 months.

Robinson appeals the substantive reasonableness of the sentence, arguing the sentence was greater than necessary given his physical and mental health issues and his acceptance of responsibility. This court reviews for abuse of discretion. *United States v. DaCruz-Mendes*, 970 F.3d 904, 909 (8th Cir. 2020). An abuse of discretion occurs when a district court overlooks a relevant factor in 18 U.S.C. § 3553(a), "gives significant weight to an improper or irrelevant factor," or commits a clear error of judgment in weighing relevant factors. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Because the advisory guidelines range is above the 120-month statutory maximum, the statutory maximum became the guidelines range. *See United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009). The district court varied downward to 108 months. "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (internal quotation marks omitted).

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

At sentencing, the district court reviewed mitigating factors, including "significant mental health issues that need treatment," and Robinson's respect for the district court and his attorney. Although it denied credit for acceptance of responsibility, the district court acknowledged Robinson's guilty plea. The district court also reviewed aggravating factors including a history of "a lot of violence," "two robbery-in-the-second-degrees," "violence to a Department of Corrections employee," and "troubling" aspects of the current offense like "pointing the gun" at a woman. Weighing the mitigating and aggravating factors, the district court determined Robinson warranted "a significant sentence," with a downward variance of 12 months. The district court's decision to assign greater weight to some aggravating factors than to mitigating factors "was well within its wide sentencing latitude." *United States v. Pickar*, 666 F.3d 1167, 1169 (8th Cir. 2012).

*******

The judgment is affirmed.

_____