# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1208
_____

United States of America

*Plaintiff - Appellee*

v.

Brandy Fish

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: September 19, 2022
Filed: October 3, 2022
[Unpublished]
_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After pleading guilty to one count of conspiracy to distribute 50 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, the district court[1] sentenced Brandy Fish to 46 months imprisonment followed by 3 years of

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

supervised release. Fish appeals her sentence, asserting that the district court abused its discretion by denying her request for probation. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Fish's conviction arises from three sales of methamphetamine to a confidential informant. At the first sale, Fish delivered 14 grams of a mixture containing methamphetamine. The informant then asked for larger quantities. After coordinating with her supplier, Fish obtained additional methamphetamine and sold it to the informant over two separate meetings. All told, Fish provided 70.7 grams of methamphetamine to the informant. Based on these sales, Fish was charged with conspiracy to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Fish appeared for arraignment, pled not guilty, and was held in pretrial detention. Three months later, Fish was released from custody and entered a drug treatment facility. Fish responded well to treatment. While on pretrial release, she transitioned to a substance-free boarding house and obtained a steady job. Fish subsequently pled guilty to the distribution charge.

The Presentence Investigation Report (PSR) prepared by the United States Probation Office calculated a total offense level of 21 and a criminal history category of IV, resulting in a Guidelines range of 57 to 71 months imprisonment. Pursuant to 21 U.S.C. § 841(b)(1)(B), Fish faced a statutory minimum of 5 years imprisonment and was ineligible for probation. The PSR noted that Fish met the statutory requirements for the safety valve reduction set forth in 18 U.S.C. § 3553(f), which allowed the district court "to impose a sentence below the statutory minimum." United States v. Rios, 995 F.3d 654, 658 (8th Cir. 2021) (citation omitted). Thus, the PSR recommended a downward variance to 46 months imprisonment, at the low end of the safety valve–adjusted Guidelines range. At sentencing, the government endorsed the PSR recommendation. Fish requested probation based on her progress during pretrial release. While acknowledging Fish's progress, the district court agreed with the government, denied Fish's request for probation, and sentenced Fish to 46 months imprisonment.

Fish appeals, arguing that the district court abused its discretion by denying her request for probation and imposing a substantively unreasonable sentence. The government argues that Fish was ineligible for probation and that, regardless, the district court did not abuse its discretion in imposing a within-Guidelines sentence. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. (citation omitted). "We presume the reasonableness of a within-Guidelines sentence." United States v. Joiner, 39 F.4th 1003, 1011 (8th Cir. 2022). "[B]ut '[t]his presumption . . . may be rebutted by reference to the statutory sentencing factors found in 18 U.S.C. § 3553(a).'" United States v. Sharkey, 895 F.3d 1077, 1080 (8th Cir. 2018) (second and third alterations in original) (citation omitted).

Fish first argues that the district court failed to consider probation as one of "the kinds of sentences available" for Fish's offense as required by 18 U.S.C. § 3553(a)(3). However, as noted by the PSR, the government, and the district court, Fish is statutorily ineligible for probation. See 21 U.S.C. § 841(b)(1)(B) ("Notwithstanding any other provision of law, the court shall not place on probation . . . any person sentenced under this subparagraph."); 21 U.S.C. § 846 ("Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."); 18 U.S.C. § 3561(a) ("A defendant who has been found guilty of an offense may be sentenced to a term of probation unless— (1) the offense is a Class A or Class B felony and the defendant is an individual; [or] (2) the offense is an offense for which probation has been expressly precluded . . . ."). Thus, the district court properly excluded probation as a "sentence[] available" under § 3553(a)(3).

Fish also argues that the district court erred in its § 3553(a) analysis by giving too much weight to incarceration as a necessary component of her sentence. The record offers Fish no support. In crafting the sentence, the district court properly referenced the § 3553(a) factors, including general and specific deterrence, protection of the public, the need to avoid sentencing disparities, and the criminal history of the defendant. While the court commended Fish for having "turned a corner," it found that the "nature of the offense, the need for deterrence and the significance [of] the defendant's criminal history" counseled against any further downward variance. Ultimately, "'[t]he district court has wide latitude to weigh the § 3553(a) factors in each case . . . ,' and a defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion." United States v. Campbell, 986 F.3d 782, 800 (8th Cir. 2021), cert. denied, 142 S. Ct. 751 (2022) (first alteration in original) (citations omitted). Moreover, the district court's application of the safety valve provision resulted in a sentence below the statutory minimum of 5 years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Fish offers no mitigating circumstances not already accounted for by the district court to justify a further downward variance. We therefore conclude that Fish has not rebutted the presumption of reasonableness that attaches to her sentence, see Joiner, 39 F.4th at 1011, and that the district court did not abuse its discretion.

For the foregoing reasons, we affirm the judgment of the district court.

_____