# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3275
_____

United States of America

*Plaintiff - Appellee*

v.

Edward Brent Wonnacott

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: March 13, 2026
Filed: March 18, 2026
[Unpublished]
_____

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Edward Wonnacott appeals the above-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to a child pornography offense. He argues the

---

[1]The Honorable Timothy L. Brooks, Chief Judge, United States District Court for the Western District of Arkansas.

court imposed a substantively unreasonable sentence after giving too much weight to its past sentencing practices rather than the available Judicial Sentencing Information (JSIN) data, and after concluding he was likely to recidivate despite being a first-time offender.

After careful review, we conclude that Wonnacott's sentence was not substantively unreasonable, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (court of appeals reviews reasonableness of sentence for abuse of discretion); United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012) (district court abuses its discretion when it fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing those factors). The court considered the JSIN statistics, but did not err in giving more weight to its past sentencing practices and Wonnacott's individual circumstances in its consideration of the 18 U.S.C. § 3553(a) factors. See United States v. Mangum, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable where court made individualized assessment based on facts presented); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (appellate court must give due deference to district court's determination that § 3553(a) factors justify variance); see also United States v. Hill, 8 F.4th 757, 761 (8th Cir. 2021) (per curiam) (rejecting defendant's argument that his sentence was higher than national average, as those statistics provide no basis to determine which defendants received appropriate sentence).

Accordingly, we affirm.

_____