# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1026
_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lee Winters

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central

_____

Submitted: March 26, 2026
Filed: April 1, 2026
[Unpublished]

_____

Before SMITH, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Gary Winters appeals the sentence the district court[1] imposed after he pleaded guilty to drug offenses.  He argues the court erred in failing to compel the government

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

to move for a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), and that the court imposed a substantively unreasonable sentence.

After careful review, we conclude that the district court did not err in failing to compel the government to move for a third-level reduction for acceptance of responsibility, as there is no indication that the government's reason was based on an unconstitutional motive. *See United States v. Gaye*, 902 F.3d 780, 789 (8th Cir. 2018) (a district court may not order the government to file a motion for reduction under § 3E1.1 unless the government's refusal was based on unconstitutional motive). In any event, the district court stated it would have imposed the same sentence had it compelled the government to move for the third-level reduction. *See United States v. Hamilton*, 929 F.3d 943, 948 (8th Cir. 2019) (any Guidelines miscalculation was harmless when district court stated it imposed the sentence based on 18 U.S.C. § 3553(a) factors and "regardless of the calculation of the sentencing guidelines").

We also conclude that the district court did not abuse its discretion by imposing a substantively unreasonable sentence, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. David*, 682 F.3d 1074, 1076 (8th Cir. 2012) (court of appeals reviews reasonableness of sentence for abuse of discretion); *United States v. Pickar*, 666 F.3d 1167, 1169 (8th Cir. 2012) (district court abuses its discretion when it fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing those factors).

Accordingly, we affirm.

_____