# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-3520

_____

United States of America

*Plaintiff - Appellee*

v.

Garnett Adam Propst

*Defendant - Appellant*

_____

No. 25-1168

_____

United States of America

*Plaintiff - Appellee*

v.

Levi Allen Doolin

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 7, 2026
Filed: May 12, 2026
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, co-defendants Garnett Propst and Levi Doolin appeal the sentences the district court[1] imposed after they pleaded guilty to firearm-related offenses.

Propst argues that the court imposed a substantively unreasonable sentence, as it erred in giving "significant weight" to his involvement of a co-defendant in the offense. We conclude that the district court did not impose a substantively unreasonable sentence, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (court of appeals reviews reasonableness of sentence for abuse of discretion); United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012) (district court abuses its discretion when it fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing those factors). The offense conduct, which involved Propst's involvement of the co-defendant, was a proper factor, and the district court did not abuse its discretion in weighing that specific offense conduct. See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011) (simply

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

because district court weighed relevant factors more heavily than defendant preferred does not mean it abused discretion); United States v. Anderson, 90 F.4th 1126, 1127 (8th Cir. 2024) (district court has wide latitude in weighing relevant factors, including discretion to assign more weight to offense's nature and circumstances than to defendant's mitigating personal characteristics).

Doolin argues that: the district court incorrectly considered a 22-caliber rifle as relevant conduct; an adjustment for obstruction of justice was incorrect because he was not aware he was being investigated federally when he instructed his friend to destroy his cellphone; and the court erred in denying an acceptance-of-responsibility reduction. He also argues that the district court imposed a substantively unreasonable sentence by not giving enough weight to his young age and lack of state felony convictions in his record.

We conclude that the district court did not err in considering the 22-caliber rifle as relevant conduct in calculating the Guidelines, as it was temporally close to the charged conduct; he repeatedly engaged in the same criminal conduct (possession of a firearm and aiding and abetting) between March and November 2023; and the criminal conduct was similar, as it involved his possession of firearms. See United States v. Soto, 62 F.4th 430, 434 (8th Cir. 2023) (conduct is considered in the same course of conduct when it is sufficiently connected to or related to each other as to warrant a conclusion that they are part of a single episode, spree, or ongoing series of offenses). The court also did not err in concluding Doolin obstructed justice, as he instructed his friend to destroy his cellphone, and even if he was unaware he was being investigated federally at that time, the state was investigating his probation violation for possessing a firearm. See United States v. Brown, 461 F.3d 1062, 1072 (8th Cir. 2006) (the distinction between knowing that a state investigation for a drug offense was underway and not knowing that a federal investigation for a drug offense was underway was irrelevant, as the state investigation involved closely related offense). Further, the court did not err in denying an acceptance-of-responsibility

-3-

reduction, as Doolin engaged in obstructive conduct. See U.S.S.G. § 3E1.1, comment. (n.4) (conduct resulting in obstruction-of-justice enhancement ordinarily indicates defendant has not accepted responsibility for criminal conduct). In any event, the district court stated that it would have imposed the same sentence regardless of the Guidelines range. See United States v. Jackson, 594 F.3d 1027, 1030 (8th Cir. 2010) (where there is clear record that district court intended to impose same sentence and took into account potential impact of specific sentencing error alleged, it is appropriate to treat alleged error as harmless).

We also conclude that the district court did not abuse its discretion by imposing a substantively unreasonable sentence, as there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. See David, 682 F.3d at 1077 (standard of review); Pickar, 666 F.3d at 1169. Counsel's argument that the court did not give enough weight to Doolin's young age and lack of state felony convictions does not provide a basis for reversal. See Farmer, 647 F.3d at 1179 (simply because district court weighed relevant factors more heavily than defendant preferred does not mean it abused discretion); Anderson, 90 F.4th at 1227 (district court has wide latitude in weighing relevant factors, including discretion to assign more weight to offense's nature and circumstances than to defendant's mitigating personal characteristics).

Accordingly, we affirm both sentences.

_____